**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**STACY M. BERRY**                                                     **PETITIONER**

**VERSUS**                             **CIVIL ACTION NO. 3:13CV394 HTW-LRA**

**CHRISTOPHER EPPS**                                          **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Stacy Berry filed a petition for federal habeas corpus relief on June 21, 2013. Respondent moves to dismiss the petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Court recommends that his petition be dismissed without prejudice for the reasons that follow.

Berry pled guilty to manslaughter in the First Judicial District of the Circuit Court of Hinds County, Mississippi, and was sentenced to a term of twenty years in the Mississippi Department of Corrections on November 18, 2011. He subsequently filed two motions for post-conviction relief in the Hinds County Circuit Court on November 9, 2012, and November 21, 2012, which were denied on February 13, 2013, and January 10, 2013, respectively. Although circuit court records reflect that on June 27, 2013, Berry filed a Notice of Out-of-Time Appeal and a Notice of Appeal, with respect to his first post-conviction motion (denied as successive on February 13, 2013); no such appeal was filed with regard to the second post-conviction motion (denied on the merits on January

10, 2013).[1]

In the Mississippi Supreme Court, Berry also filed a Motion to Withdraw Plea on May 3, 2013, which was dismissed without prejudice for lack of jurisdiction on June 19, 2013. He also filed a Motion/Notice of Out-of-Time Appeal, which was similarly dismissed on July 17, 2013, without prejudice with instructions to file in the trial court. The Mississippi Supreme Court's docket in Cause No. 2013-T3-1221, also reflects other filings by Berry which appear to seek appellate review of the lower court's denials of his post-conviction motions, though the actual filings are not included in the record in this court.[2]

On June 21, 2013, Berry filed the instant petition, raising the following two grounds:

1. There was a motion filed for a fast and speedy trial that wasn't met, also ineffective assistance of counsel.

2. The attorney tells you once you plea [sic] guilty you can't appeal or withdraw plea. I am not guilty and she didn't help me to the best of her ability because I am a convicted felon.[3]

He then goes on to state that he does not know whether he has exhausted all of his state remedies.

---

[1]ECF Nos. 12-1—12-6.

[2]ECF Nos. 12-7—12-10.

[3]ECF No. 1, pp. 5, 7.

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[4] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

The record confirms that Petitioner has failed to exhaust in this case. Because exhaustion is a mandatory prerequisite for federal review, he must present his new claims

---

[4] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i)  there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Until such time, the claims are unexhausted and may not be considered by this Court.

The Court is mindful of its discretion to stay and hold this matter in abeyance pending Petitioner's exhaustion of his state court remedies. But the United States Supreme Court has instructed lower courts that stay and abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Id.* at 278. The *Rhines* Court cautioned that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Id.* at 277. Stay and abeyance is only appropriate when there is good cause for the petitioner's failure to fully exhaust his claims in state court first. *Id.* at 277-78.[5] No good cause has been shown here. Petitioner is HEREBY cautioned that he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition, if he chooses to do so.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States*

---

[5] In addition to good cause, the *Rhines* Court instructed that a stay should not be granted when the petitioner's unexhausted claims are plainly meritless, or when there is an indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. But a thorough examination of the merits of Petitioner's unexhausted claims cannot be conducted here because a copy of the state court record has not yet been filed in this case. Nor is there sufficient information to ascertain whether Petitioner has engaged in intentionally dilatory litigation tactics.

*District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 26th day of November 2013.

> /s/  Linda R. Anderson
> UNITED STATES MAGISTRATE JUDGE